UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAN ISRAELI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff.<br><br>v.<br><br>TEAM TELECOM INTERNATIONAL LTD., ET AL., TEAM SOFTWARE INDUSTRIES LTD., MEIR LIPSHES, SHLOMO EISENBERG, and ISRAEL OFER,<br><br>Defendants. | No. 2:04-cv-04305-JAG-GDH |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LEUMI GEMEL LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

Dated: November 12, 2004

**SQUITIERI & FEARON LLP**
Olimpio Lee Squitieri (OS-1684)
13 James Street
Morristown, New Jersey 07960
Telephone: (973) 267-4488
Facsimile: (973) 267-4248

***Proposed Liaison Counsel***

Additional Counsel Appear On Signature Page

# TABLE OF CONTENTS


I. BACKGROUND .......... 1

II. PROCEDURAL HISTORY .......... 2

III. ARGUMENT .......... 2

A. Movant Should Be Appointed Lead Plaintiff .......... 2

1. Movant Is Making A Motion In Response To A Notice .......... 3

2. Movant Has The Largest Known Financial Interest In This Action Of Any Movan .......... 4

3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure .......... 4

a. Movant's Claims Are Typical .......... 5

b. Movant Is An Adequate Representative .......... 6

4. Movant Is Presumptively The Most Adequate Lead Plaintiff .......... 7

B. The Court Should Approve Lead Plaintiff's Choice Of Counsel .......... 7

IV. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

## CASES

*Berger v. Compaq Computer Corp.*,
257 F.3d 475 (5th Cir. 2001) ........ 5, 6

*In re Enron Corp. Securities Litigation*,
206 F.R.D. 427 (S.D. Tex. 2002) ........ 4, 5

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla 1997) ........ 5

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ........ 5

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ........ 5

*In re Northern Dist of Cal., Daikon Shield IUD Prod. Liab. Litig.*,
693 F.2d 847 (9th Cir. 1982) ........ 6

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d. 286 (E.D.N.Y. 1998) ........ 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ........ 5

*In re Waste Mgmt. Inc., Sec. Litig.*,
128 F. Supp. 2d 401 (S.D. Tex. 2000) ........ 5

*Naiditch v. Applied Micro Circuits*,
2001 WL 1659115 (S.D. Cal. 2001) ........ 4

*Riordan v. Smith Barney*,
113 F.R.D. 60 (N.D. Ill 1986) ........ 6

*Takeda v. Turbodyne Tech, Inc.*,
67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ........ 6

*Wenderhold v. Cylink Corp.*,
188 F.R.D. 577 (N.D. Cal. 1999) ........ 3

Leumi Gemel Ltd. ("Movant," herein) respectfully submits this memorandum of points and authorities in support of its motion for appointment as Lead Plaintiff and to approve Lead Plaintiff's choice of Co-Lead Counsel.

## I. BACKGROUND

This is a securities class action on behalf of public investors who purchased the securities of Team Telecom International Ltd. (hereinafter "TTI" or the "Company") during the period May 15, 2001 through November 14, 2002 (the "Class Period"). Defendant TTI is an Israeli corporation headquartered in Petach Tikvah, Israel, and a provider of network management systems, operations support systems and business support systems for communications service providers.

Throughout the Class Period TTI engaged in a systematic scheme of accounting fraud to maintain the facade of a steadily growing enterprise. In order to facilitate this appearance, the Company engaged in a series of flagrant violations of Generally Accepted Accounting Principals ("GAAP"), including, *inter alia*, improperly classifying assets and liabilities, improperly failing to report its subsidiary's earnings on a consolidated basis, and prematurely and improperly recognizing revenues.

While the Company has never acknowledged the improper practices described above, and the misleading and inflationary impact they have had on its financial results, the market has become at least partially aware of some of these improper practices over time, and concomitantly devalued the Company's stock.

Defendants' failure to comply with GAAP, and the Company's corresponding reporting of misleading financial results and dissemination of other false and misleading statements concerning TTI's financial performance acted as a fraud on the market, and the Class has been

damaged thereby.

## II. PROCEDURAL HISTORY

Plaintiff Dan Israeli commenced case number 2:04-cv-04305 on September 9, 2004. On September 14, 2004, counsel for plaintiff published a notice of pendency of plaintiff's case on *Primezone*, a widely circulated national business-oriented wire service. *See* Declaration of Lee Squitieri In Support of Motion of Leumi Gemel Ltd. For Appointment As Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Co-Lead Counsel (the "Squitieri Declaration") at Exhibit A. Movant brings the instant motion pursuant to Plaintiff Dan Israeli's Complaint and Notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the September 14, 2004, notice.

## III. ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that it is the most-adequate Lead Plaintiff for the Class.

**1. <u>Movant Is Making A Motion In Response To A Notice</u>**

On September 9, 2004, counsel for plaintiff Dan Israeli in the above-captioned action filed the instant Complaint, and on September 14, 2004, published a Notice of pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of TTI securities that they had until November 12, 2004, to file a motion to be appointed as Lead Plaintiff. Squitieri Declaration, Exhibit A. Movant files the instant motion pursuant to the published Notice and submits herewith its Sworn Certification[1] attesting that it is willing to serve as representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Squitieri Declaration, Exhibit B. Movant has already demonstrated a high level of interest in this litigation by communicating with counsel regarding the status and facts of this case, and by making this motion for appointment as Lead Plaintiff in response to plaintiff Dan Israeli's Notice. Movant therefore satisfies the requirement of either filing a complaint or making a

1 A Hebrew-language table listing Movant Leumi Gemel Ltd.'s transactions in TTI securities is attached to Movant's certification. See Squitieri Declaration, Exhibit B. Movant's Class-Period transactions are reflected in the English-language Loss Chart attached to the Squitieri Declaration as Exhibit C. Additionally, a declaration by Proposed Lead Plaintiff's counsel Avi Wagner, attesting to the fact that Movant's Class-Period transactions have been accurately transcribed to the Loss Chart, from the original Hebrew-language table, is attached to the Squitieri Declaration as Exhibit D.

motion in response to a published notice.

### 2. Movant Has The Largest Known Financial Interest In This Action Of Any Movant

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being "lawyer-driven." *In re Enron Corp. Securities Litigation,* 206 F.R.D. 427, 443 (S.D. Tex. 2002). Here, Movant purchased TTI securities during the Class Period, and has suffered losses of $581,224.10. *See* Squitieri Declaration, Exhibit C. To the best of its knowledge, Movant believes that it has the largest financial losses in this case of any other movant, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441*; In re Waste Management,* 128 F. Supp. 2d 401, 411; *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

**a. Movant's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. 427, 441 (S.D. Tex. 2002); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger,* 257 F.3d at 480. Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning TTI's earnings, business operations and

prospects. Additionally, Movant, like all of the members of the Class, purchased TTI stock during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. The interests of Movant Leumi Gemel Ltd. and other Class members are closely aligned and Movant is, therefore, typical of the other members of the Class.

**b. Movant Is An Adequate Representative**

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> [R]epresentation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Tech. Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999)(citing *In re Northern Dist. of Cal., Daikon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill 1986)). Movant has demonstrated its adequacy as a Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that it is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger*, 257 F.3d at 479. Movant has made this motion to be appointed Lead Plaintiff. Movant has also sustained significant individual losses from its investments in TTI and is, therefore, extremely motivated to pursue the claims in this action. *See* Squitieri Declaration, Exhibit C.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant Leumi Gemel Ltd. is not aware of any unique defenses defendants could raise against Movant that would render it inadequate to represent the Class. Accordingly, Leumi Gemel Ltd. should be appointed Lead Plaintiff for the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). In the present case, Movant has retained the law firms Glancy Binkow & Goldberg LLP and Law Offices of Jacob Sabo to pursue this litigation on its behalf, and will retain these firms as plaintiff's Co-Lead Counsel in the event Movant is appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP and Law Offices of Jacob Sabo possesses extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by

the firm resumés attached to the Squitieri Declaration as Exhibit E. Thus, the Court may be assured that, by granting Leumi Gemel Ltd.'s motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Leumi Gemel Ltd. respectfully asks the Court to grant its motion and enter an Order appointing Leumi Gemel Ltd. as Lead Plaintiff, approving its choice of Glancy Binkow & Goldberg LLP and Law Offices of Jacob Sabo as Co-Lead Counsel, with Squitieri & Fearon LLP as Liaison Counsel, and granting such other relief as the Court may deem just and proper.

Dated: November 12, 2004

**SQUITIERI & FEARON LLP**

By: ______________________
Olimpio Lee Squitieri (OS-1684)
13 James Street
Morristown, New Jersey 07960
Telephone: (973) 267-4488
Facsimile: (973) 267-4248

***Proposed Liaison Counsel***

**LAW OFFICES OF JACOB SABO**
Jacob Sabo
The Tower No. 3 Daniel Frisch Street
15th Floor
Tel Aviv, Israel 64731
Telephone: 011 972 3 607 88 88
Facsimile: 011 972 3 607 88 89

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Avi Wagner
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

***Proposed Co-Lead Counsel***

**SMITH & SMITH LLP**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

***Counsel For Plaintiff***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAN ISRAELI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff.<br><br>v.<br><br>TEAM TELECOM INTERNATIONAL LTD., ET AL., TEAM SOFTWARE INDUSTRIES LTD., MEIR LIPSHES, SHLOMO EISENBERG, and ISRAEL OFER,<br><br>Defendants. | No. 2:04-cv-04305-JAG-GDH |

**CERTIFICATE OF SERVICE**

I, Olimpio Lee Squitieri hereby certify that on this 12th day of November, 2004, I caused a copy of the accompanying Notice Of Motion And Motion Of Leumi Gemel Ltd. For Appointment As Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Co-Lead Counsel; Memorandum Of Points And Authorities In Support Of Motion Of Leumi Gemel Ltd. For Appointment As Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Co-Lead Counsel; [Proposed] Order Granting Motion Of Leumi Gemel Ltd. For Appointment As Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Co-Lead Counsel; and Declaration Of Olimpio Lee Squitieri In Support Of Motion Of Leumi Gemel Ltd. For Appointment As Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Co-Lead Counsel to be served upon the following parties by depositing a true copy of the same enclosed in a post-paid properly addressed

wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York or as otherwise indicated and via Verilaw Electronic Service:

Aurora Casera, Esq.
Jenkins , Gilchrist, Parker & Chapin
405 Lexington Avenue
New York, New York 10174

Olimpio Lee Squitieri